# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TRAVELL ARMSTRONG,**

    **Plaintiff,**

**v.**                                                            **Case No:   6:14-cv-1696-Orl-41KRS**

**JOHN MORGAN, SR., LINA LOPEZ,**
**REBEKAH LANGFORD, MRS.**
**KRISTAL, JOSEPH H. SHAUGHNESSY**
**and FRANCIS COPPOLA,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PRECEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**    **October 20, 2014**

**I. BACKGROUND.**

Plaintiff Travell Armstrong, proceeding *pro se*, filed a complaint against John Morgan, Sr., Lina Lopez, Rebekah Langford, Mrs. Kristal[1], Joseph H. Shaughnessy, and Francis Coppola. Doc. No. 1. Armstrong references in his complaint the Fourteenth Amendment Due Process Clause of United States Constitution, a provision of the Code of Federal Regulations and provisions of the West Virginia code. *Id.* at 2.

---

[1] The complaint does not state the full name of the defendant identified as "Mrs. Kristal" and the documents attached to the complaint indicate that her last name is unknown. Doc. No. 1-1 at 8.

On review of the entire complaint, it appears that Armstrong is complaining about a conflict he has with his attorney and others in the attorney's law firm. Armstrong attaches documents to the complaint which indicate that Defendant Lopez is an attorney at Morgan and Morgan who was retained to represent him for injuries he sustained as a result of an accident that occurred on April 2, 2014. Doc. No. 1-1 at 28. Defendant Langford is a paralegal who assisted Lopez in handling Armstrong's personal injury claim. *See id.* The various documents attached to the complaint also indicate that Defendants Morgan, Shaughnessy, Kristal, and Coppola are also individuals employed at Morgan and Morgan. *See id.* at 8.

It appears that Armstrong agreed to a settlement of his personal injury claim and that he was to receive settlement proceeds in the amount of $2,620.97. *Id.* at 1. In his complaint Armstrong alleges that after a check for this amount was issued, and after he questioned the amount he was to receive, the check "disappeared." Doc. No. 1 at 2.

Armstrong also attaches to the complaint a letter, dated October 6, 2014, addressed to Defendant Morgan complaining that Lopez was "careless" and that she was having "extreme anxiety issues" which he believed made her uncooperative. Doc. No. 1-1 at 6. The letter also indicates that Armstrong notified the Florida Bar of his issues with Lopez. *Id.* Armstrong alleges that the conflict persisted but that Defendant Morgan did not intervene to resolve the "breach of trust." Doc. No. 1 at 2. Armstrong seeks relief in the amount of $4.3 million dollars. *Id.* at 3.

**II.   LEGAL STANDARD.**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to prepay filing fees or give security thereof. 28 U.S.C. § 1915(a)(1). The United States Supreme Court has observed, however, that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious,

or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To prevent such abuse, pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider *sua sponte* whether the plaintiff's complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). A court must dismiss a complaint if it concludes that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

**III.   ANALYSIS.**

In federal court, subject matter jurisdiction can be established through either: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction under 28 U.S.C. § 1331; or (3) diversity jurisdiction under 28 U.S.C. § 1332. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Armstrong's complaint is due to be dismissed because he fails to assert a basis for subject matter jurisdiction. The complaint does not assert a specific statutory grant of jurisdiction. The complaint also provides no indication that federal question jurisdiction is applicable. While federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution, 28 U.S.C. § 1331, "passing references to the United States Constitution are insufficient to confer [federal question] subject-matter jurisdiction," *Bollea v. Clem*, 937 F. Supp. 2d 1344, 1356 (M.D. Fla. 2013). Finally, the complaint does not allege diversity as a

basis for subject matter jurisdiction. Consequently, I recommend that the Court dismiss the complaint for lack of subject matter jurisdiction.

Because Armstrong is proceeding pro se, and it is at least possible that an amended complaint could cure the defects of the current complaint, he should be given leave to file an amended complaint. Should Armstrong file an amended complaint, it should include a short and plain statement showing that this Court has jurisdiction over his claims. *See* Fed. R. Civ. P. 8(a)(1). In a section entitled "Statement of Facts" Armstrong should clearly identify the alleged legal violations committed and the facts surrounding the alleged legal violations, including how each named defendant is involved in the alleged violations. Armstrong must allege some causal connection between each named defendant and the injuries allegedly sustained. Armstrong must also include all allegations in the body of his complaint rather than in attachments.

If Armstrong files an amended complaint he should also clearly allege each cause of action that he wishes to pursue, and the legal basis of each cause of action (i.e., constitutional provision, treaty, statute, or common law cause of action). Each alleged violation should be set forth in a separate count. Along with each count, Armstrong should include sufficient facts to show that each of his claims for relief is plausible. Armstrong should specify the type (i.e., monetary, declaratory, or injunctive) and character of the relief that he requests.

Finally, I note that Armstrong attaches legal and medical records to his complaint which contain personal identifiers including Armstrong's full date of birth and social security number. *E.g.*, Doc. No. 1-1 at 20. These documents do not comply with Fed. R. Civ. P. 5.2(a), which requires filings to be redacted so that only the last four digits of a social security number, and only the year of an individual's date of birth are visible. Accordingly, I recommend that the Court strike

the attachments and direct the Clerk of Court to delete them from CM/ECF. I caution Armstrong that future filings must comply with the redaction requirements set forth Fed. R. Civ. P. 5.2(a).

## IV.   RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Armstrong's complaint with leave to file an amended complaint within a time specified by the Court following its ruling on this Report and Recommendation; **TERMINATE** Armstrong's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2); **STRIKE** the documents filed as attachments to the complaint (Doc. Nos. 1-1, 1-2, 1-3, 1-4, & 1-5); and **DIRECT** the Clerk of Court to delete the attachments from CM/ECF.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 29, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy